UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM J. ZIEBELL<br>and MARSHA ZIEBELL,<br>　　Plaintiffs, | :<br>:<br>:<br>: | 3:08cv286 (WWE) |
| v. | :<br>: | |
| CITY OF MILFORD and CITY OF<br>MILFORD ZONING BOARD OF<br>APPEALS,<br>　　Defendants. | :<br>:<br>:<br>:<br>: | |

## MEMORANDUM OF DECISION ON MOTION TO DISMISS

In this multi-count complaint, plaintiffs William and Marsha Ziebell allege that the zoning decision of the defendant City of Milford ("City") and its Zoning Board of Appeals ("ZBA") violated the Americans with Disability Act ("ADA") and their rights to due process under the federal and state constitutions.

Defendants have filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6) respectively. For the following reasons, the motion to dismiss will be granted.

## BACKGROUND

For purposes of ruling on this motion, the Court takes the facts alleged in the complaint to be true.[1]

On June 2, 2003, Linda Stock, the City Zoning Enforcement Officer, inspected the plaintiffs' residence at 10 Silver Street, Milford, Connecticut. The following day, she issued a letter, stating that plaintiffs had improperly erected an addition without an

---

[1] The Court also takes notice of facts that are matters of public record. Pani v. Empire Blue Cross Blue Shield, 152 F.3d. 67, 75 (2d Cir. 1998)

approved zoning permit. The letter ordered plaintiff "to obtain the proper permit(s) within the (10) days of the date of this order."

Plaintiffs sought a permit prior to completion of their project to enclose their deck. However, their permit application was denied on the grounds that the "addition" encroached upon the side-yard setback requirements for the subject property, and that the plaintiffs needed a variance from the ZBA.

Plaintiffs filed an application for a variance from the side-yard and rear-yard setback requirements for their side and rear decks, respectively. This application was denied by the ZBA. Plaintiffs filed a timely appeal to the Superior Court.

During the pendency of this appeal, the parties entered into a stipulation entering judgment for plaintiffs. Plaintiffs filed a motion to withdraw the appeal, which the Superior Court granted.

On January 18, 2006, the City filed an action in Connecticut Superior Court, alleging that plaintiffs had violated the order issued on June 3, 2003.

On April 13, 2006, Stock issued another letter based on her site inspection on June 2, 2003. This letter ordered plaintiffs to remove the "addition" being erected on the non-conforming lot without proper permits. Plaintiffs appealed this April 13, 2006 order to the ZBA.

On May 5, 2006, plaintiffs were served with a complaint filed by defendant City in Connecticut Superior Court, alleging that plaintiffs had violated the April 13, 2006 order.

On June 13, 2006, the ZBA held a hearing on plaintiff's administrative appeal. Plaintiffs asserted that plaintiff William Ziebell was an individual with a disability under the ADA, and the non-conforming "addition" was an existing reasonable use of the

property and a reasonable accommodation of William Ziebell's disability. Specifically, plaintiffs offered evidence that William Ziebell's condition would be alleviated by use of a hot tub, that he constructed the deck to provide a space for the tub, and that he constructed the roof to have better access to the tub and to protect it in the winter.

The ZBA denied plaintiff's appeal of the Zoning Enforcement Officer's order dated April 13, 2006.

Plaintiffs filed a timely appeal of the ZBA denial to the Connecticut Superior Court. On December 4, 2007, the Connecticut Superior Court dismissed plaintiffs' appeal. The Superior Court determined:

> from the record that plaintiffs' construction of a deck on the side of the house, as shown on Return of Record c, in 1986, was without a permit and that subsequent construction to create a room on the same deck in 2003 was also without a permit. The plaintiffs' property lacking the required area for the zone was a non-conforming use and the addition of the two decks by the plaintiffs violated side and rear setbacks in violation of Section 3.1.4.1.

The Superior Court rejected plaintiffs' contention that their decks constituted valid non-conforming building structures pursuant to section 8-13a of the Connecticut General Statutes, noting that the "addition of a new deck and enclosing of the old deck to constitute a room produced in the court's opinion a substantial increase in the non-conformity."

Although the Superior Court had previously granted a motion to strike plaintiffs' claim that the ZBA violated the ADA by upholding the removal order, the court stated:

> While a public entity such as the defendant here must under the Act make reasonable accommodation to disabled persons, this court does not conclude that such accommodations require a waiver of existing zoning regulations to avoid a charge of discrimination.

3

On December 24, 2007, plaintiff filed a petition for certification with the Connecticut Appellate Court.

On January 4, 2008, the City issued a letter ordering plaintiffs to obtain the proper permits to demolish the "addition" and rear deck at the property. Plaintiffs appealed this order to the ZBA.

On February 8, the Appellate Court denied plaintiffs' petition for certification.

On February 12, the ZBA held a hearing and denied plaintiffs' appeal of the order dated January 4, 2008.

## DISCUSSION

FRCP 12(b)(1)

A motion to dismiss under FRCP 12(b)(1) "challenges the court's statutory or constitutional power to adjudicate the case before it." 2A James W. Moore et. al., Moore's Federal Practice, P 12.07, at 12-49 (2d ed.1994). Once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction. Thomson v. Gaskill, 315 U.S. 442, 446 (1942).

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The complaint must contain the

4

grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Iqbal v. Hasty, 490 F.3d 143, 157 (2d Cir. 2007), 128 S. Ct. 2931 (2008) (applying flexible "plausibility standard" to Rule 8 pleading).

Subject Matter Jurisdiction: Rooker-Feldman Doctrine

Defendants argue that the Rooker-Feldman doctrine bars this Court from asserting subject matter jurisdiction over plaintiffs' ADA claim. Plaintiffs counter that the state court did not review the merits of the ADA claim.

A federal action following a state suit may be barred by the doctrine of federal jurisdiction formulated in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) (the "Rooker-Feldman doctrine"). In Rooker, the U.S. Supreme Court held that federal district courts lack jurisdiction to review state court decisions because Congress has empowered only the United States Supreme Court to exercise appellate jurisdiction over state court judgments. 263 U.S. at 414-15; see 28 U.S.C. § 1257. In Feldman, the Supreme Court held that a United States District Court has no authority to review final judgments of a state court in judicial proceedings, which include judgments on claims that are "inextricably intertwined" with the state court's determinations. 460 U.S. at 486. More recently, the Supreme Court instructed that the Rooker-Feldman doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting

5

district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 151 (2005).

Pursuant to Rooker-Feldman, the district court has no jurisdiction when: (1) the federal court plaintiff has lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites district court review and rejection of that judgment; and (4) the state court judgment was rendered prior to the commencement of the district court proceedings. Hoblock v. Albany County Board of Elections, 422 F.3d 77, 85 (2d Cir. 2005).

The first and fourth requirements have been met. In considering the second and third factors, the Court must determine if the federal court action asserts a claim that is independent of that adjudicated by the state court. Hoblock instructs that the second prong is the core requirement that clarifies when the doctrine applies. The Second Circuit elaborated:

> Suppose a state court, based purely on state law, terminates a father's parental rights and orders the state to take custody of his son. If the father sues in federal court for the return of his son on grounds that the state judgment violates his federal substantive due process rights as a parent, he is complaining of an injury caused by the state judgment and seeking its reversal.

Id. at 87.

In the instant case, plaintiffs complain of injuries resulting from the prior state court decision that the ZBA had given proper consideration to the record evidence. The claim that the ZBA decision violates the ADA asks this Court to vacate the state court judgment. Accordingly, the ADA claim is barred by the Rooker-Feldman doctrine and the first count will be dismissed for lack of subject matter jurisdiction.

Failure to State a Claim:  Due Process

Defendants argue that plaintiffs' federal and state constitutional due process claims fail as a matter of law.   Plaintiffs advance allegations of both procedural and substantive due process violations.

As to the procedural and substantive due process claims, plaintiffs allege that they were denied a hearing in a meaningful way because (1) the Chairman of the Zoning Board of Appeals believed the ADA did not apply to zoning issues, (2) the Chairman acted in an abusive manner toward plaintiffs, and (3) the Chairman improperly entered a memorandum into the record.

The Due Process Clause of the Fourteenth Amendment requires that, generally, a person must be afforded the opportunity for a hearing prior to being deprived of a constitutionally protected liberty or property interest.   U.S. Const. amend XIV, § 1; Bd. of Regents v. Roth, 408 U.S. 564, 569-70 & n. 7 (1972).  Thus, in order to sustain an action for deprivation of property without due process of law, a plaintiff must identify a property or liberty interest, and show that the state actor has deprived plaintiff of that interest without due process.

The fundamental requisite of procedural due process is the opportunity to be heard.  See Boddie v. Connecticut, 401 U.S. 371, 377 (1971).   This opportunity must be granted within a meaningful time and manner.  Armstrong v. Manzo, 380 U.S. 545, 552 (1965).  Further, the hearing must be "appropriate to the nature of the case." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950).

Here, plaintiffs obtained a timely appeal of the ZBA decision to the Superior Court.  The availability of mechanisms for appeal or post-deprivation remedies

precludes a later action of denial of procedural due process. Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988); see also Parratt v. Taylor, 451 U.S. 527, 543-44 (1981) (no violation of procedural due process if state law provides adequate post-deprivation remedy). Accordingly, the Court will grant summary judgment on the federal procedural due process claim.

Plaitniffs' federal substantive due process claim fares no better. A defendant violates the substantive due process clause if that defendant's conduct "shocks the conscience." County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998). Only the most egregious official conduct violates a party's substantive due process rights. Cusick v. City of New Haven, 2005 WL 1916364 (2d Cir. 2005) (failure of officials to provide inculpatory information unearthed in murder investigation was not conscience shocking); see also Whitley v. Albers, 475 U.S. 312, 327 (1986) (substantive due process doctrine bars official conduct that affords "brutality the cloak of law"). Even conduct considered to be reprehensible may not fall within the narrow range of conscience shocking conduct that violates substantive due process. Cusick, 2005 WL 1916364. Thus, there is no violation of substantive due process where arbitrary conduct may be remedied by a state court lawsuit seeking review of an administrative order. Natale v. Town of Ridgefield, 170 F.3d 258, 263 (2d Cir. 1999).

As a matter of public record, the Superior Court held that the ZBA acted reasonably in denying plaintiffs' administrative appeal. Accordingly, under the plausibility standard, plaintiffs cannot establish their substantive due process violation.

The Court exercises its discretion pursuant to 28 U.S.C. § 1367(c)(3) to decline supplemental jurisdiction over the Connecticut constitutional state law claim.

## CONCLUSION

For the foregoing reasons, the motion to dismiss [doc. #11] is GRANTED. Plaintiffs' claims alleging violation of the ADA, section 1983, and the United States Constitution are dismissed with prejudice. The Court declines to exercise jurisdiction over the claim of a due process violation pursuant to the Connecticut Constitution. Thus, the state constitutional due process claim is dismissed without prejudice.

The clerk is instructed to close this case.

_____/s/_____
Warren W. Eginton, Senior U.S District Judge

Dated this \_\_18th\_ day of September, 2008 at Bridgeport, Connecticut.